County Court, Washington County, December, 1903. Unreported.

In the Matter of the Application of GEORGE RICE, for a Special Election in the Town of Greenwich, N. Y., under Section Sixteen of the Liquor Tax Law, and the Acts Amendatory Thereof.

Hearing held at the Washington County Court chambers, in the village of Sandy Hill, New York, on the 9th day of December, 1903, at 10 o'clock, a. m., before Hon. Nash Rockwood.

Appearances:

*Herbert Van Kirk, Esq.,* for petitioner.

*C. W. Morhous, Esq.,* for 212 electors.

*William G. Van Loon, Esq.,* for P. W. Cullinan, State Excise Commissioner.

By C. W. Morhous, Esq.: I move in behalf of 212 electors of the town of Greenwich, that they be made parties to the proceeding, and I present in behalf of the same the petition. All these parties ask to intervene and authorize Charles W. Morhous to act as their attorney.

By the Court: The motion to make the electors parties to the proceedings is denied, there not appearing to be any statutory requirement therefor. The moving parties may present such arguments as they may be advised and any affidavits which they desire will also be considered in the determining of this motion. Particularly, with reference to the proposition that the statutory questions as given should be printed upon the ballots.

It was urged in opposition to this, however, that no one was misled by the ballot as voted, and that the result of the election was not such as to show that the defective wording of the ballot created any confusion in the mind of the voter which would lead him to vote contrary to his intentions. This proposition is merely speculative, for the reason that the court cannot say upon this argument whether or not the voter was in fact misled. The purpose of the statute is to present to voters specific questions. The court is of the opinion that the statutory requirements must

be carried out, and that any deviation from the statute may mislead the voter, or produce results at elections, which the court cannot, without evidence, say were not contrary to the intention of the voters.

The error of the clerk in failing to file the certified copy does not appear to be so material, and there are several decisions holding that the failure of the clerk to perform his ministerial duties shall not be permitted to defeat the will of the voter.

In this case, however, I am impressed with the fact that there was not a proper submission of the question to the voter, and, therefore, the application for a special election to be held in the town of Greenwich is granted.